UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEBRA SKAGGS,

        Plaintiff,

                                        File No.  1:16-CV-1048

v.

                                        HON. PAUL L. MALONEY

NATIONSTAR MORTGAGE, LLC,

        Defendant.

_____/

## OPINION

This is a diversity action in which Plaintiff Debra Skaggs seeks to recover payments made to Defendant Nationstar Mortgage, LLC ("Nationstar") and to prevent it from foreclosing on her home. Count I of the complaint seeks an injunction to prevent Nationstar from proceeding with a foreclosure sale. In Count II, Plaintiff alleges that she made payments to Nationstar for approximately 10 years under a mistake of fact. In Count III, she alleges that Nationstar falsely represented that she owed a debt, when in fact that debt had been discharged in bankruptcy. In Count IV, she alleges that Nationstar has been unjustly enriched by her payments. In Count V, she alleges that Nationstar violated 11 U.S.C. § 524, which enjoins the collection of a discharged debt. Before the Court is Nationstar's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10.) For the reasons stated herein, the motion will be granted.

# I.

When reviewing a motion under Rule 12(b)(6), the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but it "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

Generally, when reviewing a Rule 12(b)(6) motion to dismiss, "a district court may not consider matters beyond the complaint." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008) (citing *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001)). The Court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II.

In 2003, Plaintiff and her former husband, Scott Strzempek, purchased a home in Benzonia, Michigan (the "Property"), while they were lawfully married. To finance the purchase, Strzempek obtained a loan for $122,200.00 from Homecomings Financial Network, Inc., as evidenced by a promissory note. (Note, ECF No. 1-3.) The loan was secured by a mortgage on the home granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender. (Mortgage, ECF No. 1-4.)[1] Strzempek signed the Note. Both Plaintiff and Strzempek signed the Mortgage. In 2005, they filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code. During the bankruptcy proceedings, they allegedly offered to reaffirm the Note, but the creditor did not respond. On April 27, 2005, the bankruptcy court issued an order of discharge to Plaintiff and Strzempek under 11 U.S.C. § 727. (ECF No. 10-6.) Because the Note was not reaffirmed, it was discharged. That same year, Plaintiff and Strzempek divorced, and Plaintiff received title to the Property.

Following the discharge, Plaintiff continued to receive monthly statements purporting to show a debt due on the Note and the accrual of interest. Plaintiff believed that she was required to pay these statements, so for the next 10 years that is what she did. In 2015, Plaintiff contacted Nationstar to obtain a lower interest rate on the debt. Nationstar informed Plaintiff that the Note was discharged in bankruptcy and that she could not refinance the debt because Strzempek, not Plaintiff, had signed the Note. After learning that the debt had been discharged, and that Nationstar would not refinance at a lower interest rate, Plaintiff stopped making payments to Nationstar.

On May 25, 2016, Nationstar sent Plaintiff a letter purporting to accelerate the debt owed under the Note and notifying her that she had 30 days to dispute the validity of that debt. Plaintiff's

---

[1]MERS later assigned the Mortgage to Nationstar.

attorney sent a reply and asked for verification of the validity and existence of the debt. Nationstar did not respond as demanded. Instead, it scheduled a sheriff's sale for the Property for July 20, 2016. Plaintiff brought this action in state court on July 19, 2016. On August 24, 2016, Nationstar removed the action to this Court.

## III.

### A. Count I: Preliminary Injunction

Plaintiff seeks a preliminary injunction to stop the foreclosure sale. Nationstar asserts that it voluntarily canceled the foreclosure sale and that, in any event, Plaintiff is not entitled to a preliminary injunction because she fails to state a viable claim for relief. When considering a request for a preliminary injunction, the court must consider four factors: (1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of her claim; (2) whether the party seeking the injunction will suffer irreparable harm without the grant of the extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the injunction. *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994).

Plaintiff's request for an injunction will be denied because she cannot demonstrate a likelihood of success on the merits of her claims. All of her claims arise from a mistaken belief that, when the debt due under the Note was discharged in bankruptcy, the Mortgage became null and void and Nationstar had no right to seek or receive payment from Plaintiff.

To the contrary, a discharge in bankruptcy does not prevent the holder of a mortgage interest from enforcing that interest.

> A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's *in personam* liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. *See* 3 R. Powell, The Law of Real Property ¶ 467 (1990). A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. *See* 11 U.S.C. § 727. However, such a discharge extinguishes *only* "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Codifying the rule of *Long v. Bullard*, 117 U.S. 617 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. *See* 11 U.S.C. § 522(c)(2); *Owen v. Owen*, 500 U.S. 305, 308–309 (1991); *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991).

*Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991). In other words, the discharge "operates as an injunction" against an action to recover debt "as a *personal* liability of the debtor[.]" 11 U.S.C. § 524(a)(2) (emphasis added). It does not extinguish the debt or the mortgage on the Property. A form attached to the discharge order made this clear:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. . . . However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

(Explanation of Bankruptcy Discharge in a Chapter 7 Case, ECF No. 10-6, PageID.180.) By proceeding to foreclose on Plaintiff's home due to failure to pay the remaining debt, Nationstar was enforcing its mortgage interest in Plaintiff's property. That interest did not disappear because of the discharge order.

Plaintiff asserts that the Mortgage is void because, under Michigan law, a mortgage without a debt is a nullity:

> [A] mortgage instrument, without any debt, liability or obligation secured by it, can have no present legal effect as a mortgage or an incumbrance upon the land. It is but a shadow without a substance, an incident without a principal; and it can make no

> difference in the result whether there has once been a debt or liability which has been satisfied, or whether the debt or liability to be secured has not yet been created, and it requires, as in this case, some future agreement of the parties to give it existence. At most, the difference is only between the nonentity which follows annihilation, and that which precedes existence.

*Ladue v. Detroit & M.R. Co.*, 13 Mich. 380, 397 (1865); *see also Cummings v. Continental Machine Tool Corp.*, 123 N.W.2d 165, 168 (Mich. 1963) ("The note being unenforceable, it follows that the claimed mortgage must likewise fail."). In other words, without a valid debt, there can be no mortgage. That principle does not apply here because the mortgage in this case is accompanied by a valid debt. Plaintiff's former husband borrowed money to finance the purchase of Plaintiff's home. The Mortgage is an assignment of an interest in the Property to secure Strzempek's promise to repay that debt. As explained above, the discharge in bankruptcy prevents a creditor from holding Plaintiff or her husband *personally* liable for the debt. It did not extinguish the debt or Nationstar's rights under the Mortgage.

Plaintiff also claims that the Mortgage is invalid because it was assigned to a third party without a corresponding debt. This claim was not raised in the complaint, but it is meritless anyway. Plaintiff cites several cases noting that, "'After a debt is discharged, an assignment of a mortgage without the debt is a mere nullity.'" *Burkhardt v. Bailey,* 680 N.W.2d 453, 462 (Mich. Ct. App. 2004) (quoting *Plasger v. Leonard*, 20 N.W.2d 296, 298 (Mich. 1945)). These cases do not apply. *Plasger* merely applies the principle in *Ladue* that where there is no debt there is no valid mortgage. In *Plasger*, there was no debt because it had been paid in full. *Plasger*, 20 N.W.2d at 298. Consequently, the mortgage, and any assignment thereof, was meaningless. *Id.* In *Burkhardt*, there was no mortgage at the time of the assignment because the mortgage had been discharged. *Burkhardt*, 20 N.W.2d at 462. Consequently, there was nothing to assign. In contrast, the mortgage

on the Property has not been discharged, and the debt on which it is based has not been satisfied. A discharge in Chapter 7 bankruptcy proceedings is not the same as the "discharge" described in *Burkhardt* and *Plasger*. The former is an injunction against action to recover from Plaintiff personally. The latter results from the satisfaction of, or release of all obligations under, a debt or mortgage.

Plaintiff also argues that Nationstar has no right to foreclose on the Mortgage because it received assignment of the Mortgage but not the Note. However, Michigan law permits the holder of a mortgage to foreclose even if it does not own the note. *Residential Funding Co., LLC v. Saurman*, 805 N.W.2d 183 (Mich. 2011) ("'It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands.'") (quoting *Adams v. Niemann*, 8 N.W. 719, 719-20 (Mich. 1881)); *accord Hargrow v. Wells Fargo Bank NA*, 491 F. App'x 534, 537 (6th Cir. 2012) (rejecting argument that a mortgage cannot be assigned without the underlying debt). A mortgagee is an owner of an "interest in the indebtedness," and is entitled to foreclose under Mich. Comp. Laws § 600.3204(1)(d). *Hargrow*, 491 F. App'x at 538.

As discussed in more detail below, because the discharge order did not extinguish the debt or the mortgage, and because Nationstar could lawfully foreclose on the Mortgage, Plaintiff's remaining claims are meritless. Consequently, Plaintiff is not entitled to a preliminary injunction because she has not demonstrated a likelihood of success on her claims.

### B. Count II: Payments Made Under Mistake of Fact

Plaintiff alleges that she received statements from Nationstar showing a debt due on the note and the accrual of interest. Plaintiff contends that she acted on these statements and made payments

to Nationstar under a mistaken belief that she was obligated to do so because she owed a debt. She claims that she is entitled to recover those payments, citing *Wilson v. Newman*, 617 N.W.2d 318 (Mich. 2000).

> "As a general rule, a payment made under a mistake of fact which induces the belief that the other party is entitled to receive the payment when, in fact, the sum is neither legally nor morally due to him, may be recovered, provided the payment has not caused such a change in the position of the payee that it would be unjust to require the refund...."

*Id.* at 321 (quoting *Smith v. Rubel*, 13 P.2d 1078, 1079 (Or. 1932)).

Although Plaintiff did not personally owe the debt, she fails to state a claim because there was an outstanding debt secured by the mortgage on her home. Nationstar was legally entitled to receive payment from her and to foreclose on the Property if those payments were not made. It was also entitled to send her monthly statements showing the balance on the Note. A discharge in bankruptcy

> does not operate as an injunction against an act by a creditor that is the holder of a secured claim, if--
>
> (1) such creditor retains a security interest in real property that is the principal residence of the debtor;
>
> (2) such act is in the ordinary course of business between the creditor and the debtor; and
>
> (3) such act is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien.

11 U.S.C. § 524(j). As the holder of the mortgage on Plaintiff's home, Nationstar was a creditor with a security interest in Plaintiff's principal residence. (*See* Compl. ¶ 2 (alleging that Plaintiff lives at the Property).) Nationstar's statements were sent in the ordinary course of business between Plaintiff and Nationstar. (*See id.* ¶¶ 14, 16 (alleging that Plaintiff "continued to receive" and Nationstar

"continued to send" statements even after the discharge order).) Finally, the statements were seeking periodic payments associated with a valid security interest. (*See id.* ¶ 14 (alleging that Nationstar sent "monthly statements asserting that payments on the Note were due, so [Plaintiff] continued to make payments on the Note").)

In short, Nationstar was legally entitled to receive the payments from Plaintiff. She has not pointed to a mistake of fact that would give rise to a claim to recover those payments.

## C. Count III: Fraud and Misrepresentation

Plaintiff's claim of fraud and misrepresentation fails for similar reasons. A claim of fraud or misrepresentation requires a showing that the defendant made a material representation that was false. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976). Fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). Among other things, the particularity requirement means that Plaintiff must specify the contents of the allegedly fraudulent statements and explain why they were fraudulent. *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 752 (6th Cir. 2012). Plaintiff does not allege the contents of the monthly statements in her complaint. She alleges the contents of the acceleration notice, but she does not specify the fraudulent statements in that notice or explain why they are false. Thus, she has failed to plead her fraud claims with sufficient particularity.

Plaintiff claims that the acceleration notice and the monthly statements showing monthly and total amounts due under the Note were false because the debt was discharged in bankruptcy. For the reasons already stated, the discharge in bankruptcy did not extinguish the debt or the Mortgage. Accordingly, there was nothing false about statements showing monthly and total amounts due under the Note. Those amounts were due and they needed to be paid in order to prevent a default under the mortgage agreement. Similarly, there was nothing false about the acceleration notice. Because

Plaintiff stopped making the monthly payments, Nationstar could enforce the acceleration terms in the Mortgage. Thus, for all the foregoing reasons, Plaintiff fails to state a claim of fraud or misrepresentation.

**D. Count IV: Unjust Enrichment**

Plaintiff claims that Nationstar has been unjustly enriched by Plaintiff's reliance on the monthly statements. "The elements of a claim for unjust enrichment are (1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to plaintiff from defendant's retention of the benefit." *Bellevue Ventures, Inc. v. Morang Kelly Inv., Inc.*, 836 N.W.2d 898 (Mich. 2013). "In such instances, the law operates to imply a contract in order to prevent unjust enrichment. However, a contract will be implied only if there is no express contract covering the same subject matter." *Id.* (citation omitted). Here, Plaintiff's claim fails because there was a contract covering Nationstar's conduct and the benefit that it received. It sent the statements to Plaintiff pursuant to the mortgage agreement. Under that agreement, Plaintiff expressly agreed to assign a security interest in her home, and to give the holder of that interest the power to sell her home if the debt was not paid under the terms of the Note. (Mortgage, PageID.125-26, 132, 135.)

In addition, there is no inequity to Plaintiff resulting from Nationstar's retention of the payments that she made. By paying the amounts due under the Note, Plaintiff benefitted by retaining possession and ownership of her home, reducing the outstanding debt on which the security interest was based, and increasing her equity in the Property. This is the arrangement that she agreed upon in the Mortgage. The discharge order did not render Nationstar's continued receipt and retention of her payments inequitable.

**E. Count V: Violation of 11 U.S.C. § 524**

Plaintiff acknowledges that she does not state a viable claim under 11 U.S.C. § 524, because the remedy for an alleged violation of a bankruptcy stay lies in contempt proceedings in bankruptcy court. Accordingly, this claim will also be dismissed.

**III.**

Because Plaintiff fails to state a claim, Nationstar's motion to dismiss (ECF No. 10) will be granted. An order and judgment will enter consistent with this Opinion.

Dated: <u>April 17, 2017</u>          <u>  /s/ Paul L. Maloney              </u>
PAUL L. MALONEY
UNITED STATES DISTRICT JUDGE